UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DELIVERMED HOLDINGS, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>MICHAEL L SCHALTENBRAND, JOE D. SIDDLE and MEDICATE PHARMACY, INC.,<br><br>    Defendants. | Case No. 10-cv-684-JPG-DGW<br><br><br><br>consolidated with |
| MARK A SWIFT,<br><br>    Plaintiff,<br><br>    v.<br><br>MEDICATE PHARMACY, INC. and MICHAEL SCHALTENBRAND,<br><br>    Defendants. | Case No 10-cv-685-JPG-DGW |

**MEMORANDUM AND ORDER**

This matter comes before the Court for case management purposes. The aforecaptioned cases were recently transferred to this Court from the United States District Court for the Northern District of Illinois. Prior to transferring the case, the Northern District court consolidated these cases, apparently because the cases involve the same attorneys, related parties and events in close temporal proximity, because the disputes grow out of the same relationships, and because consolidated discovery would be beneficial. However, the cases reached this Court as two, unconsolidated case files.

Having reviewed the history of the two cases, this Court has doubts about whether full consolidation of these cases is appropriate. Case number 10-cv-684-JPG-DGW ("the

DeliverMed Action") is an action involving alleged trademark infringement or dilution, consumer fraud and deceptive trade practices that stemmed from a business merger between DeliverMed Holdings, LLC and Medicate Pharmacy, Inc. that went awry.  Specifically, DeliverMed alleges that after the merger fell apart, Medicate continued to use DeliverMed's trademarks to promote its own business.  Case number 10-cv-685-JPG-DGW, on the other hand, involves allegations by Mark Swift, DeliverMed's owner and president, that he was an employee of Medicate and that Medicate violated the minimum wage and overtime laws.

While it is true that these two disputes appear to grow out of the same larger conflict between DeliverMed and Swift, on one side, and Medicate and its officers, on the other, the two cases pose entirely separate legal questions.  Furthermore, although it appears the facts relevant to each case may be parts of one larger story, the factual issues in each case will be different.  The Court believes consolidated dispositive motions and trial would be unnecessarily complicated and overly cumbersome.  Therefore the Court is contemplating severing these cases moving forward with instructions to Magistrate Judge Wilkerson that discovery be consolidated to the extent possible.  The Court **ORDERS** the plaintiffs to **SHOW CAUSE** on or before September 24, 2010, why this should not be done.  The defendants shall have seven days to reply to the plaintiffs' response to this order.  The parties may file consolidated briefs but must file a brief in each case.  Each brief shall contain the consolidated caption and must not exceed seven pages.

**IT IS SO ORDERED.**
**DATED:  September 15, 2010**

                s/ J. Phil Gilbert
                **J. PHIL GILBERT**
                **DISTRICT JUDGE**