UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DELIVERMED HOLDINGS, LLC, | | |
| Plaintiff, | | |
| v. | | Case No. 10-cv-684-JPG-DGW |
| MICHAEL L SCHALTENBRAND, JOE D. SIDDLE and MEDICATE PHARMACY, INC., | | |
| Defendants. | | |
| | | consolidated with |
| MARK A SWIFT, | | |
| Plaintiff, | | |
| v. | | Case No 10-cv-685-JPG-DGW |
| MEDICATE PHARMACY, INC. and MICHAEL SCHALTENBRAND, | | |
| Defendants. | | |

**MEMORANDUM AND ORDER**

I.     **Background**

This case arose from a business venture between plaintiff DeliverMed Holdings, LLC ("DeliverMed") and defendant Medicate Pharmacy, Inc. ("Medicate") for home pharmaceutical delivery that went awry.  As part of that business venture, DeliverMed alleges it agreed to transfer its marks (specifically, the name "DeliverMed," the tag line "Right at Home," and a "house and pestle" logo) to Medicate for use by the joint venture entity.  DeliverMed alleges that after the venture fell apart, Medicate continued to use DeliverMed's marks to promote its own business.  Specifically, DeliverMed alleges that Medicate's use included enclosing a card bearing DeliverMed's marks with every prescription sent to its customers and using the

DeliverMed logo on its public webpage.  DeliverMed claims, among other things, that this use violated § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), which prohibits false advertising as to the origin of a service that is likely to confuse or deceive consumers.  It brought these claims in a suit in the District Court for the Northern District of Illinois and rested its claim of original federal jurisdiction on the Lanham Act claim, *see* 28 U.S.C. §§ 1331 & 1338(a), with its other state law claims falling under the Court's supplemental jurisdiction, *see* 28 U.S.C. § 1367(a).

In a separate lawsuit, plaintiff Mark A. Swift alleges that at some point in the relationship between the parties he was employed by Medicate on a salary basis with additional compensation from commissions based on Medicate's net income.  He claims that in late 2007, he negotiated a new arrangement with Medicate and defendant Michael Schaltenbrand, an officer of Medicate, under which he would receive a lower commission in exchange for an ownership interest in Medicate.  Swift claims Medicate failed to pay him the salary and commissions he was due and failed to transfer any Medicate stock to him.  He believes this violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and various state wage payment and contract laws.  He brought these claims in a suit in the District Court for the Northern District of Illinois and rested its claim of original federal jurisdiction on the FLSA claim, *see* 28 U.S.C. § 1331, with his other state law claims falling under the Court's supplemental jurisdiction, *see* 28 U.S.C. § 1367(a).

The cases were consolidated pursuant to Federal Rule of Civil Procedure 42(a) while they were pending in the Northern District, and then they were transferred to this Court.

The Medicate Parties ask the Court to dismiss DeliverMed's Lanham Act claim for lack of subject matter jurisdiction (Doc. 36) and to dismiss Swift's wage claims for failure to state a claim (Doc. 57).  In the absence of claims over which the Court has original federal jurisdiction,

2

the Medicate Parties argue, the Court must dismiss the related state court claims.  Alternatively, the Medicate Parties ask the Court to dismiss the plaintiffs' claims for *forum non conveniens* or to abstain from hearing them pursuant to *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976).

After reviewing the parties briefing on the motion to dismiss DeliverMed's Lanham Act claim, the Court issued an order to show cause (Doc. 90) why DeliverMed's claim under the Lanham Act, 15 U.S.C. §§ 1051 *et seq.* (Count II), should not be dismissed for lack of subject matter jurisdiction in light of *International Armor & Limousine Co. v. Moloney Coachbuilders, Inc.*, 272 F.3d 912 (7th Cir. 2001).  *International Armor* held that a dispute over the ownership of a trademark that turned on contract law did not present a federal question over which a federal court has original jurisdiction.  *Id.* at 915-16.

In response to the order to show cause, DeliverMed and Swift (collectively, "the DeliverMed Parties") filed a motion for leave to file an amended complaint (Doc. 92).  The motion does not address whether the Court has subject matter jurisdiction over the currently-pled Lanham Act claim in light of *International Armor*.

## II.    Analysis

As a preliminary matter, the Court notes that, although it has consolidated DeliverMed's case with Swift's case for common disposition pursuant to Federal Rule of Civil Procedure 42(a), those cases remain separate.  Consolidation under Rule 42(a) does not merge two actions into one case.  *Cella v. Togum Constructeur Ensembleier en Industrie Alimentaire*, 173 F.3d 909, 912 (3d Cir. 1999) (citing *Johnson v. Manhattan R. Co.*, 289 U.S. 479, 496-97 (1933)).  On the contrary, each consolidated case retains its separate identity and must have its own independent jurisdictional basis.  *Cella*, 173 F.3d at 913.  It is against this background that the

3

Court turns to the numerous intertwined matters at issue in this case.

    A.    <u>DeliverMed Action</u>

       1.    <u>Subject Matter Jurisdiction over Trademark Claim</u>

In its motion to dismiss (Doc. 36), the Medicate Parties argue that the Court does not have subject matter jurisdiction over DeliverMed's trademark claim in Count II because it does not arise under the Lanham Act and thus presents no federal or trademark question under 28 U.S.C. §§ 1331 or 1338(a).[1]  They argue, among other things, that DeliverMed's claim is really a dispute over the ownership of the marks in question.

In its response to the motion to dismiss (Doc. 59), DeliverMed argues that the issue of federal subject matter jurisdiction was already decided in a September 3, 2010, order when Judge Grady, a District Judge in the Northern District of Illinois, noted before transferring this case to this district that subject matter jurisdiction was not really in doubt because DeliverMed's Lanham Act claim is not frivolous.  Judge Grady cited *Avila v. Pappas*, 591 F.3d 552, 553 (7th Cir. 2010), for the proposition that "[w]hen the federal theories [upon which federal question jurisdiction is based] are insubstantial in the sense that prior decisions inescapable render the claims frivolous, there is no federal jurisdiction" (internal quotations omitted).  In that case, the plaintiff had asserted a constitutional claim under 42 U.S.C. § 1983 that was foreclosed as a matter of law by prior caselaw.  *Id.*

The Court believes Judge Grady's preliminary determination of jurisdiction may have been mistaken in light of *International Armor & Limousine Co. v. Moloney Coachbuilders, Inc.*,

---

[1]28 U.S.C. § 1331 gives district courts original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States," and 28 U.S.C. § 1338(a) gives district courts original jurisdiction over "any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trademarks."

272 F.3d 912 (7th Cir. 2001). In *International Armor*, Maloney, the owner of a limousine business, sold the business, including its name "Maloney Coach Builders," to another party and essentially agreed not to compete with that party for five years. *Id.* at 913. A dispute arose over the terms of the transaction, but that dispute was settled. *Id.* Later, when the second business objected to Maloney's use of the name "Maloney" in his new limousine business, Maloney's new business sued under the Lanham Act for a declaration that its use of "Maloney" did not violate the act by making a confusingly false claim of origin, and the second business countersued under the Lanham Act for trademark infringement. *Id.*

The Court of Appeals held that the parties did not state claims under the Lanham Act because the dispute was really a contract dispute about ownership of the name under the sales contract and later settlement agreement, not a trademark dispute. *Id.* at 916. It noted, "Whichever side owns the marks may use them, and whichever side does not own them is at risk under the Lanham Act as well as the law of contract." *Id.* at 914. Thus, the right to relief did not at all turn on resolution of questions under the Lanham Act and therefore did not state a federal claim under the act. *Id.* at 916. In the absence of a trademark claim, the Court of Appeals concluded that the Court did not have federal jurisdiction over the case under trademark or federal question jurisdiction. *Id. Compare Gaiman v. McFarlane*, 360 F.3d 644, 652-53 (7th Cir. 2004) (suit for declaration of joint ownership in copyright of comic book characters, not just to enforce licensing agreement or contract for profit distribution, involves questions under the Copyright Act and therefore arises under federal copyright law).

The Lanham Act claim DeliverMed pleads in its original complaint is really a contract dispute over the existence and meaning of a joint venture agreement. This dispute over the use of the marks cannot be principally distinguished from the dispute in *International Armor*. If the

5

joint venture agreement existed and transferred DeliverMed's marks to Medicate, Medicate owns the marks.  If the agreement did not exist or did not transfer the marks, DeliverMed owns them, and Medicate's use of those marks violates the Lanham Act.  The existence and effect of a joint venture agreement is a matter of contract, not trademark, law.  In this way, the case at bar is just like *International Armor* and, as with *International Armor*, presents no Lanham Act question.

The fact that the Medicate Parties may assert a defense raising issues under the Copyright Act, Title 17, United States Code, does not convert Count II into a claim over which the Court has subject matter jurisdiction.  In their response to the motion to dismiss, the Medicate Parties suggest Schaltenbrand owns a copyright on the "house and pestle" logo at issue in this case and that that provides a defense to DeliverMed's trademark ownership claim.  However, when determining whether a federal court has subject matter jurisdiction over a case "arising under" federal or copyright law, *see* 28 U.S.C. §§ 1331 & 1338(a), the Court relies on the well-pleaded complaint rule.  *See Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 807-08 (1988) (patent defense asserted).  Under this rule, the Court's jurisdiction only extends to cases where federal law or, in this case, copyright law creates the cause of action in the complaint or is a necessary element of a claim pled in the complaint.  *See Christianson*, 846 U.S. at 808-09 (citing *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 13, 27-28, (1983)).  Whether a case "arises under" copyright law "must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration." *Christianson*, 846 U.S. at 809 (internal quotations omitted).  *See also Holmes Group v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830-31 (2002) (similarly, federal counterclaim cannot serve as basis for federal or patent jurisdiction).

6

It is clear that copyright law did not create the contract law claim DeliverMed has pled in Count II of the complaint and is not a necessary element to prove that claim. Thus, under the well-pleaded complaint rule, the assertion of the Copyright Act as a defense does not create federal subject matter jurisdiction over DeliverMed's claim.

As a consequence of the foregoing, the Court does not have original jurisdiction over Count II or over the state law claims that relied on jurisdiction supplemental to Count II. Thus, the Court will have jurisdiction over those claims, if at all, only under the supplemental jurisdiction provisions of 28 U.S.C. § 1367(a) if it allows DeliverMed to amend its complaint to allege a bona fide federal question or copyright claim, as it proposes to do.

2.    Amendment

The DeliverMed Parties ask for leave to amend the complaint to add several new claims (Doc. 92). In keeping with the fact that the DeliverMed Action and the Swift action are separate actions only consolidated for the convenience of the Court, the Court will consider separately the various portions of the motion for leave to amend depending on the particular amendments they seek to make. With respect to the DeliverMed action, the Court construes the motion to amend as seeking to make the following changes:

- to add the proposed Count I by Deeter, Deeter and Associates and Delivermed and against Schaltenbrand for a declaratory judgment that Schaltenbrand's copyright in the "house and pestle" logo is invalid because the copyright belongs to Deeter and Deeter Associates and has been or will be assigned to DeliverMed; and

- to remove all allegations of a failed joint venture agreement as it relates to the right to use DeliverMed's name, tag line and logo.

The Court will consider the other requests in the motion for leave to amend later in this order.

The Medicate Parties have responded to the motion as a whole (Doc. 95), arguing that the Court should not allow an amended pleading in light of the February 23, 2011, deadline to

7

amend pleadings as set forth in the Court's November 23, 2010, scheduling order (Doc. 62). They also argue amendment is not justified under Federal Rules of Civil Procedure 15(a), 20(a) or 21 because the plaintiffs knew about the claims they seek to add well in advance of the motion and of the February deadline for amending the pleadings. The Medicate Parties argue they will be prejudiced by an amended pleading because the new claims will require additional discovery (which is scheduled to close in this case on June 1, 2011) and substantial changes to the scheduling order. They also argue the claims of the proposed new plaintiffs do not arise out of the same transactions or occurrences as the current claims and do not share any common issues of fact or law with those claims.

a.   Rules for Amendment

Amendment of a pleading is governed by various rules. Where a party seeks to amend a pleading that does not add a new party, Rule 15(a) governs. Under that rule, a party may amend its complaint once as a matter of course within:

(A) 21 days after serving it, or

(B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b) [to dismiss], (e) [for a more definite statement], or (f) [to strike], whichever is earlier.

Fed. R. Civ. P. 15(a)(1). This period for amendment as a matter of right has long since passed in this case, so the DeliverMed Parties must obtain either the opposing parties' written consent or the Court's leave, which the Court should freely give when justice requires. *See* Fed. R. Civ. P. 15(a)(2). Although the text of the rule has changed in recent years, the rule still "reflects a policy that cases should generally be decided on the merits and not on the basis of technicalities." *McCarthy v. Painewebber, Inc.*, 127 F.R.D. 130, 132 (N.D. Ill. 1989); *see*

8

*Diersen v. Chicago Car Exch.*, 110 F.3d 481, 489 (7th Cir. 1997);  *Woods v. Indiana Univ.-Purdue Univ.*, 996 F.2d 880, 883 (7th Cir. 1993).  Generally, the decision whether to grant a party leave to amend the pleadings is a matter left to the discretion of the district court.  *Orix Credit Alliance v. Taylor Mach. Works*,125 F.3d 468, 480 (7th Cir. 1997);  *Sanders v. Venture Stores*, 56 F.3d 771, 773 (7th Cir. 1995).  A court should allow amendment of a pleading except where there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment.  *Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010) (citing *Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 666 (7th Cir. 2007)).

Leave of Court is also required where a plaintiff seeks to add a new party to the case. *Moore v. Indiana*, 999 F.2d 1125, 1128 (7th Cir. 1993).  In that situation, Rule 20(a) also applies.  That rule states that new plaintiffs may be added if:

> (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

> (B) any question of law or fact common to all plaintiffs will arise in the action.

Fed. R. Civ. P. 20(a)(2).  Rule 21 further provides, "[T]he court may at any time, on just terms, add or drop a party."  Fed. R. Civ. P. 21.

### b.     Proposed Count I:  Copyright Claim

The Court will allow the federal copyright claim by DeliverMed and proposed new plaintiffs Deeter and Deeter Associates to be added to this case.  The Court is well aware that this amendment comes late in the game, after the deadline for amendments, nearly after the close of discovery and after the DeliverMed Parties' repeated requests for expedited proceedings.

9

Allowing this claim to be added also risks having to extend the current scheduling order, depending on what new discovery needs to be taken to prosecute and defend this claim. Nevertheless, the ownership of the right to use the "house and pestle" logo has been a central issue to this case since its inception, and Schaltenbrand's copyright has been identified as a defense for some time now.  This issue is not a surprise to the Medicate Parties, and the new claim simply paints the same issue in a new light.  Furthermore, the Court believes the addition of Deeter and Deeter Associates will require minimal additional discovery.

In addition, amendment will be the most expeditious way to resolve the trademark and copyright issues.  If the Court does not allow amendment to add this new federal copyright claim, there will be no federal subject matter jurisdiction, and the Court will be forced to dismiss the DeliverMed action in its entirety.  The DeliverMed Parties will likely refile the case with the copyright claim and the whole process will start over again.  Alternatively, if the Court allows the new federal copyright claim, it will serve as a basis for original federal jurisdiction and supplemental federal jurisdiction over the remaining state law claims, and there will only be a slight delay in the resolution of this case.

For these reasons, the Court will grant the DeliverMed Parties motion to the extent it seeks to add Deeter and Deeter Associates as plaintiffs and to add the copyright claim as Count I in an amended complaint.

c. <u>Changes to Factual Allegations in Support of Claims</u>

In the proposed amended complaint, the DeliverMed Parties have artfully omitted the factual allegations (presumably pled in good faith in DeliverMed's original complaint) that supported the Court's finding that the Lanham Act claim attempted to be pled there really turns on contract law.  The Court will not stand for this kind of legerdemain in an attempt to

10

manufacture a federal claim that, as explained above, does not exist.  These amendments are

proposed beyond the amendment deadline, could have been made earlier in the case to comply

with that deadline, and appear to be made in a bad faith attempt to manufacture a federal cause

of action that does not exist.  Thus, the Court will not allow amendment of DeliverMed's

complaint to change the factual allegations supporting the original Count II.

      B.    <u>Swift Action</u>

          1.    <u>Motion to Dismiss</u>

      The Medicate Parties ask the Court to dismiss Swift's claims against Medicate and

Schaltenbrand (the only defendants in the Swift action) as currently pled under Federal Rule of

Civil Procedure 12(b)(6).  When reviewing a motion to dismiss for failure to state a claim under

Rule 12(b)(6), the Court accepts as true all allegations in the complaint.  *Erickson v. Pardus*, 551

U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  To avoid

dismissal under Rule 12(b)(6) for failure to state a claim, a complaint must contain a "short and

plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

This requirement is satisfied if the complaint (1) describes the claim in sufficient detail to give

the defendant fair notice of what the claim is and the grounds upon which it rests and (2)

plausibly suggests that the plaintiff has a right to relief above a speculative level.  *Bell Atl.*, 550

U.S. at 555;  *see Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009);  *EEOC v. Concentra Health*

*Servs.*, 496 F.3d 773, 776 (7th Cir. 2007).  "A claim has facial plausibility when the plaintiff

pleads factual content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged."  *Iqbal*, 129 S. Ct. at 1949 (citing *Bell Atl.*, 550 U.S. at 556).

      In *Bell Atlantic*, the Supreme Court rejected the more expansive interpretation of Rule

8(a)(2) that "a complaint should not be dismissed for failure to state a claim unless it appears

beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  *Bell Atlantic*, 550 U.S. at 561–63;  *Concentra Health Servs.*, 496 F.3d at 777.  Now "it is not enough for a complaint to avoid foreclosing possible bases for relief;  it must actually suggest that the plaintiff has a right to relief . . . by providing allegations that 'raise a right to relief above the speculative level.'"  *Concentra Health Servs.*, 496 F.3d at 777 (quoting *Bell Atl.*, 550 U.S. at 555).

Nevertheless, *Bell Atlantic* did not do away with the liberal federal notice pleading standard.  *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007).  A complaint still need not contain detailed factual allegations, *Bell Atl.*, 550 U.S. at 555, and it remains true that "[a]ny district judge (for that matter, any defendant) tempted to write 'this complaint is deficient because it does not contain . . .' should stop and think:  What rule of law *requires* a complaint to contain that allegation?"  *Doe v. Smith*, 429 F.3d 706, 708 (7th Cir. 2005) (emphasis in original).  Nevertheless, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl.*, 550 U.S. at 555.  If the factual detail of a complaint is "so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8," it is subject to dismissal.  *Airborne Beepers*, 499 F.3d at 667.

### a.  <u>Wage Claims</u>

The Medicate Parties argue that Swift has failed to state a claim under the FLSA, the Illinois Minimum Wage Law ("IMWL"), 820 ILCS § 105/1 *et seq*., and the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS § 115/1 *et seq.* (Counts I-V), because he

fails to allege Medicate and Schaltenbrand was his employer.[2]

The complaint alleges Medicate and Schaltenbrand were in the retail and mail order pharmaceutical products business and that Swift worked for them in a marketing position as their employee paid by salary and commissions.  The Court finds that this is sufficient under *Bell Atlantic* and *Iqbal* to allege the Medicate Parties were employers that employed Swift.  While it is true that whether a defendant is an employer can become a legal question requiring reference to statutory definitions, this Court believes that for pleading purposes it is sufficient to make the factual allegation that a defendant was an employer as that term is commonly understood by a layperson.  Swift has made such allegations in this case, and the Court will therefore not dismiss his wage claims for failure to state a claim.

b.   "Fraud, Breach of Contract and Detrimental Reliance" Claim

The Medicate Parties argue that Swift has failed to state a claim for "fraud, breach of contract and detrimental reliance" as he has attempted to do in Count VI.  It is confusing, they argue, because there is no cause of action under Illinois law for detrimental reliance by itself, and the claim of promissory estoppel (which has detrimental reliance as an element, *see Commonwealth Edison Co. v. Illinois Commerce Comm'n*, 924 N.E.2d 1065, 1084 (Ill. App. Ct. 2009)) is incompatible with a contract claim.  They also complain because Swift does not cite the specific terms of the alleged contract he had with the Medicate Parties and does not plead fraud with the specificity required by Federal Rule of Civil Procedure 9(b).

---

[2]They also claim the Court must disregard the allegation that Schaltenbrand was Swift's employer because it is inconsistent with his representations in other legal or administrative  proceedings.  Because this request requires the Court to look beyond the complaint itself, the Court declines to consider it in the context of a Rule 12(b)(6) motion to dismiss.

The Court begins with the allegations of fraud. Federal Rule of Civil Procedure 9(b) requires a plaintiff alleging fraud to "state with particularity the circumstances constituting fraud." Generally, pleading "with particularity" requires a plaintiff to describe the "who, what, when, where, and how" of the fraud, although that formulation is not set in stone and may vary based on the facts of a particular case. *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Co.*, 631 F.3d 436, 441-42 (7th Cir. 2011).

> The particularity requirement ensures that plaintiffs do their homework before filing suit and protects defendants from baseless suits that tarnish reputations. And the requirement dovetails with lawyers' ethical obligations to ensure they conduct a pre-complaint inquiry before signing off on their clients' contentions.

*Id.* at 439.

Count VI describes no fraud, much less with the requisite particularity. The label "fraud" in that section of the complaint does not make it a fraud claim where no such claim is pled. Therefore, to the extent Swift attempts to plead a fraud claim, that claim will be dismissed without prejudice for failure to state a claim.

Despite its lack of specifics about the terms of the alleged promises made by the Medicate Parties, Count VI adequately pleads a breach of contract claim or, in the alternative, a promissory estoppel claim. The complaint describes each theory with enough detail to alert the Medicate Parties to what the claims are and the grounds on which they rest. They further plausibly suggest Swift is entitled to some monetary relief. That there is no factual allegation to support the specific amount Swift requests is of no matter. That issue will be fleshed out later. Plausibility simply means that there are "enough facts to raise a reasonable expectation that discovery will reveal evidence" supporting the plaintiff's claims. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Here, that standard is satisfied with respect to Swift's breach of

14

contract and promissory estoppel claims.

Furthermore, the fact that those claims are mutually exclusive does not render them subject to dismissal.  "A party may state as many separate claims or defenses as the party has regardless of consistency."  Fed. R. Civ. P. 8(d)(3).  "There is generally nothing wrong with alternative pleading. . . ."  *Mizuho Corporate Bank (U.S.A.) v. Cory & Assocs.*, 341 F.3d 644, 651 (7th Cir. 2003);  *see, e.g., Cromeens, Holloman, Sibert, Inc. v. AB Volvo*, 349 F.3d 376, 397 (7th Cir. 2003) (under the doctrine of pleading in the alternative, "a party is allowed to plead breach of contract, or if the court finds no contract was formed, to plead for quasicontractual relief in the alternative.  Once a valid contract is found to exist, quasi-contractual relief is no longer available.").

2.    Amendment

With respect to the Swift action, the Court construes the DeliverMed Parties' motion to amend as seeking to make the following changes:

- to add the proposed Count VI by Sickon and DeliverMed for fraud based on the failure to distribute profits as agreed from August 2004 to August 2005;

- to recast Swift's existing and vaguely pled claims about failure to pay wages and compensation into more specifically pled claims for breach of contract (proposed Count VII), fraud (proposed Count VIII), FLSA (proposed Count IX) and IWPCA (proposed Count X);

- to separate Swift's existing breach of contract and promissory estoppel claims regarding the failure to transfer ownership in Medicate stock into separate causes of action for breach of contract (proposed Count XI) and "detrimental reliance" (proposed first Count XII);

- to add a cause of action for appointment of a receiver and dissolution of Medicate (proposed second Count XII); and

- to add a cause of action for tortious interference with DeliverMed's contractual relationship with Local 150 of the Midwest Operating Engineers (proposed Count XIII).

15

The Court considers the Medicate Parties' objection to the proposed amendments as set forth earlier in this order.

### a.      Proposed Count VI:  Claim for August 2004 to August 2005

The Court will not allow amendment to assert the proposed Count VI for fraud by Sickon and DeliverMed regarding the Medicate Parties' failure to disclose and distribute profits and net income from August 2004 to August 2005 pursuant to a business agreement.  Sickon's and DeliverMed's claim arises out of a contractual business relationship that is completely different than the employment relationship at issue in the claims currently in the Swift action.  Thus, the proposed new fraud claim does not arise out of the same transactions or events already involved in this case, and the addition of Sickon and DeliverMed as new plaintiffs in the Swift Action is not warranted under Rule 20(a).

Additionally, this new claim could require substantial additional discovery because it centers on a new relationship that has not been at issue in this case during the discovery process. That the DeliverMed Parties seek to add this new claim so late in the game – on the eve of the close of discovery and well beyond the deadline for amending the pleadings – may substantially and unduly delay the resolution of this case.  The Court further notes that since Sickon and DeliverMed state that they only learned about their claim during the discovery in this case, they are likely to be able to seek relief in a separate action.  That would be the preferable course that would allow them to assert their rights without delaying the resolution of this litigation.

### b.      Proposed Counts VII to X:  Wage and Commission Claims

The Court will allow Swift to recast his current vague wage and commission claims in the more detailed claim in proposed Counts VII to X.  The question of what wages and compensation are due to Swift has been at issue since the commencement of the Swift action,

16

and no substantial new discovery is likely to be needed if these claims are reorganized.  The

Medicate Parties will not be surprised by the reorganization of these claims, and may even

benefit from the increased specificity with which they are pled in the proposed amended claims.

 However, the Court will not allow DeliverMed to be added as a plaintiff in proposed

Counts VII and VIII, as the DeliverMed Parties seek to do.  Those counts allege the Medicate

Parties' failure to pay salary and commission to Swift.  Thus, Swift is the proper party to bring

those claims, not DeliverMed.  A claim for unpaid salary or commissions by DeliverMed would

be frivolous and should not be added to this case.

   c. <u>Proposed Counts XI and XII-1:  Breach of Contract and</u>

    <u>Promissory Estoppel</u>

 The Court will allow Swift to separate his existing breach of contract and promissory

estoppel claims regarding the failure to transfer ownership in Medicate stock into separate causes

of action.  As with Swift's wage and commission claims, these questions have been at issue

since the commencement of the Swift action, and no substantial new discovery is likely to be

needed if these claims are separated into two counts.  However, Swift must label Count XII-1

properly.  As noted above, there is no cause of action for "detrimental reliance."  Detrimental

reliance is an element of a cause of action for promissory estoppel.  *See Commonwealth Edison

Co. v. Illinois Commerce Comm'n*, 924 N.E.2d 1065, 1084 (Ill. App. Ct. 2009).  In the amended

complaint, Swift should label Count XII-1 properly.

   d. <u>Proposed Counts XII-2 and XIII:  Receivership/Dissolution and</u>

    <u>Tortious Interference with Contract</u>

 The Court will not allow amendment to assert the proposed Count XII-2 by Swift for

receivership and dissolution of Medicate and proposed Count XIII by Swift and DeliverMed for

tortious interference with contract.  These claims are far broader than the employment claims currently at issue in the Swift action and would likely require substantial additional discovery and substantial extensions in the scheduling and discovery order.  The proposed new claims come late in the game – on the eve of the close of discovery and well beyond the deadline for amending the pleadings – and could have been pled earlier.  Indeed, a similar tortious interference claim was actually made and is already being litigated in state court.  That is the better forum to resolve the claim.  Swift may similarly pursue a receivership/dissolution claim in a state forum as well.

Furthermore, addition of DeliverMed as a plaintiff in proposed Count XIII is not warranted under Rule 20(a).  The tortious interference claim alleged in that proposed new count centers around a contractual business relationship between DeliverMed and Local 150 that is completely different than the employment relationship at issue in the claims currently in the Swift action.  Thus, the proposed new fraud claim does not arise out of the same transactions or events already involved in this case, and the addition of DeliverMed as a new plaintiff in the Swift Action is not warranted under Rule 20(a).

    C.    <u>Other Arguments Made With Respect to Both Actions</u>

        1.    *<u>Forum Non Conveniens</u>*

The Medicate Parties ask the Court to dismiss all claims in this consolidated case on the basis of *forum non conveniens* so that DeliverMed and Swift can pursue their claims in the Illinois Circuit Court in St. Clair County, where Medicate has already begun a suit against DeliverMed and Swift involving the same events and transactions.  They argue that the Circuit Court is capable of deciding the Lanham Act and FLSA claims as well as the state law claims and, without reference to specific facts, that it has the advantage of providing better access to

sources of proof, compulsory process for unwilling witnesses, and "other practical issues that make trial of a case more efficient and more economical." They also suggest the Circuit Court is less congested, is more appropriate to handle local disputes and will not burden citizens from an unrelated forum by making them serve as jurors in this case. They imply litigation anywhere else would vex, harass or oppress them by forcing them to argue about issues like *res judicata*.

The doctrine of *forum non conveniens* is a judge-made doctrine that allows a court discretion to dismiss a case where (1) an alternate forum can hear the case and (2) trial in the plaintiff's chosen forum is oppressive and vexatious to a defendant out of proportion to the convenience to the plaintiff. *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 429 (2007) (citing *American Dredging Co. v. Miller*, 510 U.S. 443, 447-48 (1994)); *see U.S.O. Corp. v. Mizuho Holding Co.*, 547 F.3d 749, 749 (7th Cir. 2008) (dismissal appropriate "if making the defendant defend in that court rather than in an alternative forum would burden the defendant unreasonably"). The doctrine of *forum non conveniens* is essentially "a supervening venue provision, permitting displacement of the ordinary rules of venue when, in light of certain conditions, the trial court thinks that jurisdiction ought to be declined." *American Dredging*, 510 U.S. at 453. *Forum non conveniens* justifies dismissal only where the alternative forum is abroad or where "state or territorial court serves litigational convenience best." *Sinochem*, 549 U.S. at 430 (citing *American Dredging*, 510 U.S. at 449). "A defendant invoking *forum non conveniens* ordinarily bears a heavy burden in opposing the plaintiff's chosen forum." *Sinochem*, 549 U.S. at 430.

It is true that the Circuit Court in St. Clair County is as competent as this Court is to decide DeliverMed's and Swift's claims. However, the Medicate Parties have offered nothing but conclusory allegations about how it would be unreasonably burdened to litigate before this

Court.  Such allegations are insufficient to justify dismissal on the basis of *forum non conveniens*.  Furthermore, the Court is hard-pressed to see how litigating this case here, as opposed to in a state court located *within this judicial district*, could be appreciably more burdensome.  The cases the Medicate Parties cite in support of dismissal involve cases where the alternate forum is far away and vastly more convenient to the defendant.  *See, e.g., Sinochem*, 549 U.S. at 426 (China);  *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, (1947) (New York forum for tort in Virginia);  *Mizuho*, 547 F.3d at 749 (Japan);  *In re Bridgestone/Firestone, Inc.*, 420 F.3d 702, 703 (7th Cir. 2005) (Mexico).  The notion that the convenience of the St. Clair County Circuit Court compared to the convenience of the District Court for the Southern District of Illinois is on par with those situations is absurd.

### 2. *Colorado River* Abstention

The Medicate Parties ask the Court to stay this consolidated case under the *Colorado River* abstention doctrine.  *See Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976);  *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 19 (1983). Under that doctrine, "a federal court may stay or dismiss a suit when there is a concurrent state proceeding and the stay or dismissal would promote 'wise judicial administration.'"  *AXA Corp. Solutions v. Underwriters Reins. Corp.*, 347 F.3d 272, 278 (7th Cir. 2003) (quoting *Colorado River*, 424 U.S. at 818).  *Colorado River* noted the general rule that "the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction," and "the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them."  *Colorado River*, 424 U.S. at 817 (internal quotations omitted).  It concluded,

Abstention from the exercise of federal jurisdiction is the exception, not the rule.

> The doctrine of abstention, under which a District Court may decline to exercise or postpone the exercise of its jurisdiction, is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it.  Abdication of the obligation to decide cases can be justified under this doctrine only in the exceptional circumstances where the order to the parties to repair to the state court would clearly serve an important countervailing interest.

*Id*. at 813 (internal quotations omitted).

The Court must answer two questions when deciding whether to abstain under *Colorado River*.  First, it must ask whether the state action is parallel to the federal action.  *Clark v. Lacy*, 376 F.3d 682, 685 (7th Cir. 2004).  "Suits are parallel if 'substantially the same parties are litigating substantially the same issues simultaneously in two fora.'"  *AAR Int'l, Inc. v. Nimelias Enters.*, 250 F.3d 510, 518 (7th Cir. 2001) (quoting *Schneider Nat'l Carriers, Inc. v. Carr*, 903 F.2d 1154, 1156 (7th Cir. 1990)).  Suits can be parallel without being identical.  *AAR Int'l*, 250 F.3d at 518.  Abstention under *Colorado River* is only appropriate where "there is a substantial likelihood that the [state-court] litigation will dispose of all claims presented in the federal case."  *TruServ Corp. v. Flegles, Inc.*, 419 F.3d 584, 592 (7th Cir. 2005).

Second, the Court must conduct a balancing test that is "heavily weighted in favor of the exercise of jurisdiction."  *Moses H. Cone*, 460 U.S. at 16.  The Seventh Circuit has identified ten factors to consider to determine if "exceptional circumstances" exist to justify *Colorado River* abstention:

> (1) whether the state has assumed jurisdiction over property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained in the concurrent forums; (5) the source of governing law, state or federal; (6) the adequacy of state-court action to protect the federal plaintiff's rights; (7) the relative progress of state and federal proceedings; (8) the presence or absence of concurrent jurisdiction; (9) the availability of removal; and (10) the vexatious or contrived nature of the federal claim.

*AXA*, 347 F.3d at 278 (internal quotations omitted).

*Colorado River* abstention is not appropriate in this case because Medicate's pending action in the St. Clair County Circuit Court is not parallel to this case.  In the state court action Medicate alleges DeliverMed and Swift tortiously interfered with its business expectancies involving a customer (Midwest Operating Engineers Health and Welfare Fund) and a financer (Bank of O'Fallon), and seeks a declaratory judgment that Swift is not entitled to a partnership interest in Medicate.  While the litigation in both fora concern the same relevant events, the legal issues are not substantially the same.  For example, the state court litigation will not decide whether Swift was properly paid the salary and commissions he claims were due him or whether Medicate improperly used DeliverMed's marks, which are not issues in the state litigation.  Furthermore, Schaltenbrand and Siddle are not parties to the state court litigation, so that forum cannot decide the DeliverMed Parties' claims against them.  Thus, the litigation in St. Clair County Circuit Court and the litigation in this Court are not parallel, and there is no need to determine whether exceptional circumstances justifying abstention exist.

The Medicate Parties argue that the state litigation *could* resolve all the claims in this case if the DeliverMed Parties were to bring them as counterclaims in the state action.  They have not, though, having instead chosen a federal forum for those claims as they are entitled to do.

D.    Mechanics of Amendment

The Court will allow DeliverMed, Deeter and Deeter Associates to amend the complaint in the DeliverMed action as described above and will allow Swift to amend the complaint in the Swift action as described above.  The amended complaint shall consolidate both the actions (although the Court will still treat them as separate actions) in a single pleading with the consolidated caption.  The consolidated amended complaint will contain:  a declaratory

judgment cause of action by Deeter, Deeter and Associates and DeliverMed regarding copyright invalidity (Count I); a trademark and service mark infringement claim by DeliverMed (Count II); a Lanham Act claim by DeliverMed with its original supporting factual allegations (Count III); an Illinois Deceptive Trade Practices Act claim by DeliverMed (Count IV); an Illinois Consumer Fraud and Deceptive Business Practices Act claim by DeliverMed (Count V); a fraud claim by Swift (Count VI); a breach of contract claim regarding wages and commissions by Swift (Count VII); a FLSA claim by Swift (Count VIII); an IWPCA claim by Swift (Count IX); a breach of contract claim regarding stock transfer by Swift (Count X); and a promissory estoppel claim by Swift (Count XI).  The Court will construe Counts I to V to be in the DeliverMed action and Counts VI to XI to be in the Swift action.  Before electronically filing the amended consolidated complaint, the DeliverMed Parties must submit the proposed amended consolidated complaint to the Court's e-mail box, with copies to the Medicate Parties, for review to ensure compliance with this order.  Once the amended pleading is filed, the Court will direct the parties to explore with Magistrate Judge Wilkerson whether amendment of the scheduling and discovery order is warranted.

## III.    Conclusion

For these reasons, the Court:

• **DISCHARGES** the Court's March 30, 2011, order to show cause (Doc. 90);

• **DENIES** the Medicate Parties' motion to dismiss the DeliverMed Action (Doc. 36) in light of the forthcoming amended complaint;

• **GRANTS in part** and **DENIES in part** the Medicate Parties' motion to dismiss the Swift action (Doc. 57) and **DISMISSES** Swift's fraud claim in Count VI **without prejudice**;

• **GRANTS in part** and **DENIES in part** the DeliverMed Parties' motion for leave to file an amended complaint (Doc. 92);

23

- **ORDERS** that the DeliverMed Parties shall submit to the Court, with copies to the Medicate Parties, on or before June 17, 2011, a proposed amended consolidated complaint that complies with the requirements set forth in this order;

- **STAYS** the current scheduling and discovery deadlines pending receipt and acceptance of the amended consolidated complaint; and

- **DIRECTS** the Clerk of Court to enter judgment accordingly at the close of the case.

**IT IS SO ORDERED.**
**DATED:  May 27, 2011**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**

24