UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DELIVERMED HOLDINGS, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>MICHAEL L SCHALTENBRAND, JOE D. SIDDLE and MEDICATE PHARMACY, INC.,<br><br>    Defendants. | Case No. 10-cv-684-JPG-DGW<br><br><br><br>consolidated with |
| MARK A SWIFT,<br><br>    Plaintiff,<br><br>    v.<br><br>MEDICATE PHARMACY, INC. and MICHAEL SCHALTENBRAND,<br><br>    Defendants. | Case No 10-cv-685-JPG-DGW |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on the motion for partial summary judgment filed by plaintiffs DeliverMed Holdings, LLC ("DeliverMed") and Mark Swift (collectively, the DeliverMed Parties) (Doc. 86). Defendants Medicate Pharmacy, Inc. ("Medicate"), Michael Schaltenbrand and Joe Siddle (collectively, the Medicate Parties) have responded to the motion (Doc. 97), and the DeliverMed Parties have replied to that response (Doc. 102).

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Int'l-Ind., Inc.*, 211 F.3d 392, 396 (7th Cir. 2000). The reviewing court must construe the

evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Chelios v. Heavener*, 520 F.3d 678, 685 (7th Cir. 2008); *Spath*, 211 F.3d at 396. Where the moving party fails to meet its strict burden of proof, a court cannot enter summary judgment for the moving party even if the opposing party fails to present relevant evidence in response to the motion. *Cooper v. Lane*, 969 F.2d 368, 371 (7th Cir. 1992).

The Court need not review the gist of this case as it is adequately set forth in a prior order (Doc. 103). The DeliverMed Parties ask for summary judgment on the following issues:

- That the Medicate Parties owe Swift $669,355 as of April 1, 2011, for back wages and commissions; and

- That Schaltenbrand's copyright on the DeliverMed logo is invalid and that DeliverMed's federal trademark on the name "DeliverMed" and on the DeliverMed logo is valid.

An insurmountable flaw in the DeliverMed Parties' motion as to the amount of money allegedly due to Swift for wages and commissions is that they do not cite a single case or statute (other than generally applicable summary judgment law) and do not explain how any of their six causes of action justifies their general request for monetary relief (Counts VI-XI). Furthermore, with the exception of one page, the DeliverMed Parties have failed to attach to their motion the primary exhibit upon which their claim to relief relies: a May 17, 2010, McGovern & Greene forensic accounting report. Parties waive arguments when they fail to support them, *see Spath v. Hayes Wheels Int'l-Ind., Inc.*, 211 F.3d 392, 397 (7th Cir. 2000), and the Court is not obligated to make arguments for them, *United States v. McClellan*, 165 F.3d 535, 550 (7th Cir. 1999). Even aside from any issue of waiver, the DeliverMed Parties have not demonstrated to the Court that they are entitled to judgment as a matter of law and therefore are not entitled to summary judgment.

The DeliverMed Parties request for summary judgment on their challenge to the validity of Schaltenbrand's copyright on the DeliverMed logo (Count I) is better supported, but only slightly. They argue that Schaltenbrand's October 20, 2009, copyright (VAu001003679) is invalid because Schaltenbrand did not create the logo himself and the circumstance surrounding its creation by plaintiffs Linda Deeter and William R. Deeter & Associates, Inc. do not justify application of the "works made for hire" provision of the Copyright Act of 1976, 17 U.S.C. § 201(b), under which the person for whom the work was prepared has a copyright in the author's work absent a written contract to the contrary. *See Community for Creative Non-Violence v. Reid* ("*CCNV*"), 490 U.S. 730, 737 (1989). The DeliverMed Parties argue that the logo is not a "work made for hire" because it was not prepared pursuant to a written contract.

The analysis of whether a work is "made for hire" is not as simple as the DeliverMed Parties assume. A "work made for hire" includes "(1) a work prepared by an employee within the scope of his or her employment" and (2) nine types of specially commissioned work prepared pursuant to a written contract. 17 U.S.C. § 101. The mere fact that the logo was not prepared pursuant to a written contract is not dispositive of whether the logo is a "work made for hire" because it still may fall into the first category – work prepared by an employee. Whether an author is an employee involves consideration of many factors, *see CCNV*, 490 U.S. at 751-52, none of which the DeliverMed Parties address in their brief. Neither have they addressed other theories under which Schaltenbrand claims the right to the copyright.[1] Therefore, the

---

[1]The Court notes that if the sole basis for Schaltenbrand's claim to the logo is that it was transferred in a 2008 agreement between the DeliverMed Parties and the Medicate Parties, the matter is really a state law contract claim, as explained in the Court's May 27, 2011, order (Doc. 103). In that case, Count I would not arise under federal law and would not support federal jurisdiction under 28 U.S.C. § 1331, and the Court would be forced to dismiss the DeliverMed action for lack of subject matter jurisdiction.

3

DeliverMed Parties have failed to establish that they are entitled to judgment as a matter of law on Count I, and summary judgment is inappropriate.

For the foregoing reasons, the Court:

- **DENIES** the DeliverMed Parties' motion for partial summary judgment (Doc. 86); and

- **DENIES** the motion for expedited argument on the summary judgment motion and for an expedited trial date (Doc. 116). Trial is currently scheduled for December 12, 2011, and the Court's calendar does not allow for an earlier date.

**IT IS SO ORDERED.**
**DATED: October 7, 2011**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**