IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DELIVERMED HOLDINGS, LLC, *et al.*, ) | |
| Plaintiffs/Counter-defendants, ) | |
| v. ) | No. 10-cv-684-JPG- DGW |
| MEDICATE PHARMACY, INC. *et al.*, ) | |
| Defendants/Counterclaimants. ) | |
| | |
| MARK A. SWIFT, ) | Consolidated with |
| Plaintiff, ) | |
| v. ) | No. 10-cv-685-JPG- DGW |
| MEDICATE PHARMACY, INC. *et al.*, ) | |
| Defendants. ) | |

### MEMORANDUM AND ORDER

This matter comes before the Court on the motion of defendants Medicate Pharmacy, Inc. ("Medicate"), Michael Schaltenbrand and Joe Siddle to dismiss the claims in Case No. 10-cv-684-JPG-DGW ("DeliverMed action") for lack of subject matter jurisdiction and to strike the jury and prejudgment interest demands for some counts (Doc. 152).  Plaintiffs DeliverMed Holdings, LLC ("DeliverMed") and Mark A. Swift have responded to the motion (Doc. 165). The Court assumes familiarity with the basic disputes in this case as set forth in prior orders.

### I.     Motion to Dismiss

The defendants ask the Court to dismiss Count I, a claim under the Copyright Act, 17 U.S.C. § 501, for copyright infringement based on the defendants' use of the "house and pestle" logo on Medicate's business materials, Count II, a claim purportedly under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) for trademark and servicemark infringement based on the defendants' use of the "DeliverMed" name, the "Right at Home" tagline and the "house and pestle" logo, and Count III, another claim purportedly under § 43 of the Lanham Act for unfair competition based on the defendants' use of the "DeliverMed" name, the "Right at Home" tagline and the "house and pestle" logo. The defendants also ask the Court to decline to exercise supplemental jurisdiction over Counts IV-V, the other claims in the DeliverMed Action, pursuant to 28 U.S.C. § 1367(c)(3).

Challenges to the Court's subject matter jurisdiction are considered under Federal Rule of Civil Procedure 12(b)(1). Under that rule, a defendant can challenge a court's subject matter jurisdiction in two ways. He may make a facial challenge to the sufficiency of the complaint's jurisdictional allegations as a matter of law, in which case, as with a Rule 12(b)(6) motion, all well-pleaded factual allegations are accepted as true and construed in the light most favorable to the plaintiff. *United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003). Alternatively, where a complaint is facially sufficient, a defendant may challenge the actual facts establishing jurisdiction, in which case the plaintiff is not entitled to have his allegations taken as true or to have any inferences drawn in his favor. *Id.* at 946; *Sapperstein v. Hager*, 188 F.3d 852, 855-56 (7th Cir. 1999). To resolve a challenge to the facts, a court may receive and weigh evidence outside the allegations in the complaint to determine if it has subject matter jurisdiction over the case. *United Phosphorus*, 322 F.3d at 946. In any case, the plaintiff has the burden of

proving that subject matter jurisdiction exists. *Id.* In the case at bar, the defendant challenges the actual facts on which the plaintiff relies to establish subject matter jurisdiction.

The defendants argue that Counts I-III are really contract claims over what rights, if any, DeliverMed and Swift conveyed in a 2008 joint venture agreement and do not involve any copyright or trademark federal question, a theory explained in the Court's May 27, 2011, order (Doc. 103). *See International Armor & Limousine Co. v. Moloney Coachbuilders, Inc.*, 272 F.3d 912 (7th Cir. 2001); *Airoom LLC v. Demi & Cooper, Inc.*, No. 09 C 4205, 2011 WL 37836 (N.D. Ill. 2011); *Mindy's Restaurant, Inc. v. Watters*, No. 08-C 5448, 2009 WL 1606982 (N.D. Ill. 2009). The plaintiffs claim the defendants are simply seeking reconsideration of the Court's May 27, 2011, order and are advancing arguments they have waived by not raising them in response to prior pleadings.

As a preliminary matter, the plaintiffs are wrong to assert that the defendants have waived objection to the Court's subject matter jurisdiction. It is well-established that parties cannot waive challenges to the Court's subject matter jurisdiction, which can be raised at any time. *See Weaver v. Hollywood Casino-Aurora, Inc.*, 255 F.3d 379, 381 (7th Cir. 2001).

As for subject matter jurisdiction itself, for the reasons in the Court's May 27, 2011, order, the Court finds that Counts II and III do not present federal questions over which this Court has oroginal subject matter jurisdiction. The plaintiffs have attempted to artfully plead them in the Second Amended Consolidated Complaint, but at heart they remain disputes over whether DeliverMed and Swift conveyed to Medicate the right to use the "DeliverMed" name, the "Right at Home" tagline and the "house and pestle" logo in the 2008 joint venture agreement. As the Court noted in its prior order, whichever side has the right to use the marks under the 2008 joint venture agreement may use them, and whichever side does not risks violating the

Lanham Act. The resolution of Counts II and III, however, turns on what was conveyed by contract.

Count I is different. Plaintiff Linda Deeter claims her April 2011 copyright (which she has assigned to DeliverMed) on the "house and pestle" logo is valid, that Schaltenbrand's October 2009 copyright on the same logo is invalid, and that therefore the defendants' use of the logo infringes on her copyright. Schaltenbrand claims ownership of the copyright not by virtue of the 2008 joint venture agreement but by authorship of the work. *See* 17 U.S.C. § 201(a). Deeter also claims to be the author of the work. Thus, the question of the copyright ownership of the logo presents a question of copyright law – who is the author of the logo – and does not turn on the terms of the 2008 joint venture agreement. *See Gaiman v. McFarlane*, 360 F.3d 644, 652-53 (7th Cir. 2004); *Scandinavian Satellite Sys., AS v. Prime TV Ltd.*, 291 F.3d 839, 845 (D.C. Cir. 2002). Count I, therefore, appears to present a question over which this Court has original jurisdiction under 28 U.S.C. § 1338(a).

Accordingly, the Court will deny the defendants' motion to dismiss based on lack of subject matter jurisdiction. The Court has original jurisdiction over Count I under 28 U.S.C. § 1338 and supplemental jurisdiction over Counts II-V under 28 U.S.C. § 1367(a).

## II. Motion to Strike Jury Demand

The defendants also ask the Court to strike the plaintiffs' jury demand for Counts II-V, X and XII on the grounds that they are claims in equity. The plaintiffs note that they have made a general jury demand and argue that the issue of what claims should go to the jury should be decided at the jury instruction conference during trial. However, waiting until trial to decide this issue will only complicate the progression of the already complex trial.

Motions to strike are governed by Federal Rule of Civil Procedure 12(f). Under Rule 12(f), upon a motion or upon its own initiative, "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike, however, are generally disfavored because they are often employed for the sole purpose of causing delay. *See Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989). However, when a motion to strike will expedite the case, such as, for example, by disposing of an unwarranted jury demand, it can be useful. *See Kremers v. Coca-Cola Co.*, 714 F. Supp. 2d 912, 915 (S.D. Ill. 2009). The burden on a motion to strike is upon the moving party. *See Vakharia v. Little Co. of Mary Hosp. & Health Care Ctrs.*, 2 F. Supp. 2d 1028 (N.D. Ill. 1998). The pending motion to strike, if meritorious, may expedite the case by removing unwarranted jury demands.

When a case is in federal court, federal law determines whether there is a right to a jury trial, *see Simler v. Conner*, 372 U.S. 221, 222 (1963), and under federal law, a plaintiff is entitled to a jury trial "[i]n Suits at common law, where the value in controversy shall exceed twenty dollars." U.S. Const. amend. VII; *see also* Fed. R. Civ. P. 38(a) ("The right of trial by jury as declared by the Seventh Amendment to the Constitution – or as provided by a federal statute – is preserved to the parties inviolate."). The United States Supreme Court has construed the federal right to a jury trial to extend to suits involving legal rights, as opposed to suits seeking purely equitable remedies. *Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 564 (1990) (citing *Parsons v. Bedford*, 28 U.S. (3 Pet.) 433, 447 (1830)). If a statute creates legal rights and remedies enforceable by an action for damages, the Seventh Amendment guarantees, in federal court, the right to a jury trial upon request. *Curtis v. Loether*, 415 U.S.

5

189, 194 (1974). The Supreme Court has provided a two-part test to determine whether rights are legal or equitable:

> First, we compare the statutory action to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity. Second, we examine the remedy sought and determine whether it is legal or equitable in nature. The second inquiry is the more important in our analysis.

*Terry*, 494 U.S. at 565 (internal quotations and citations omitted).

Because Counts II and III are really matters of contract law that turn on factual issues regarding the 2008 joint venture agreement, they are most analogous to the legal cause of action of breach of contract. They will therefore go to the jury on those matters.

Count IV is a claim under the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1 *et seq*. The defendants have not adequately explained why, under the *Terry* test, the Seventh Amendment does not provide the plaintiffs a right to a jury trial in federal court for the damages they seek. Therefore, they have not met their burden of showing the Court should strike the jury demand as to Count IV.

As for Count V, a claim under the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS 505/1, *et seq.*, it is true that there is no right to a jury trial in state court. *See Martin v. Heinold Commodities, Inc.*, 643 N.E.2d 734, 755 (Ill. 1994). However, as noted above, this is not dispositive of whether an ICFA plaintiff is entitled to a jury trial in federal court. Numerous federal trial courts applying the *Terry* test within the Seventh Circuit have found a right to a federal jury trial in ICFA cases. *See Kremers v. Coca-Cola Co.*, 714 F. Supp. 2d 912, 917 (S.D. Ill. 2009) (collecting cases). This Court agrees with *Kremers* that an ICFA plaintiff is entitled to a jury trial on demand, *id.* at 917-19, especially where, as

here, the plaintiff sues for actual damages, *see* 815 ILCS 505/10a. Accordingly, the Court declines to strike the plaintiffs' jury demand as to Count V.

Count X is a breach of contract action seeking declaratory relief and damages. This cause of action seeks legal relief, so Swift is entitled to a jury trial.

Count XII is a claim seeking injunctive relief based on an unidentified legal theory. This cause of action seeks only equitable relief, so Swift is not entitled to a jury trial.

Because some causes of action in this case seek legal relief, which will be decided by a jury, and equitable relief, which will be decided by the Court, the jury instructions shall place the appropriate factual issues before the jury and shall be sufficient to provide the factual findings necessary for the Court's decisions regarding equitable relief.

### III.     Motion to Strike Pre-Judgment Interest Demand

Swift asks the Court to strike the plaintiffs' demand for prejudgment interest in Count VII, a breach of contract claim for failure to pay commissions and salary, and cites *Brown v. City of Mounds*, No. 08-861-DRH, 2009 WL 3055490 (S.D. Ill. Sept. 22, 2009). In response, Swift argues that prejudgment interest should be presumptively available in cases alleging violations of federal law and cites *Gorenstein Enterprises v. Quality Care-USA*, 874 F.2d 431, 436 (7th Cir. 1989). While Swift is correct, Count VII does not allege a violation of a federal law. Thus, prejudgment interest is not available, and the prayer for prejudgment interest shall be stricken from Count VII.

### IV.     Conclusion

For the foregoing reasons, the Court:

- **GRANTS in part** and **DENIES in part** the defendants' motion to dismiss the claims in the DeliverMed action for lack of subject matter jurisdiction and to strike the jury and prejudgment interest demands for some counts (Doc. 152);

- the motion is **DENIED** to the extent it seeks to dismiss the DeliverMed action;

- the motion is **GRANTED** to the extent it seeks to strike the jury demand for Count XII, and that provision is hereby **STRICKEN**;

- the motion is **GRANTED** to the extent it seeks to strike the demand for prejudgment interest in Count VII, and that provision is hereby **STRICKEN**; and

- the motion to strike is **DENIED** in all other respects.

### V. Trial Briefs and Jury Instructions

The Court **FURTHER ORDERS** that the parties shall meet prior to the Final Pretrial Conference, currently scheduled for February 10, 2012, to clarify the issues that the Court will be asked to decide at trial. On or before the morning of the Final Pretrial Conference, the plaintiffs shall file a trial brief setting forth the elements of each cause of action alleged in the Second Amended Consolidated Complaint, and the defendants shall file a trial brief setting forth the elements of each cause of action alleged in the Counterclaim. To the extent the parties disagree with the opponents' statement of the elements of any cause of action, their trial brief shall support their respective views with argument and citation to supporting caselaw.

The Court **FURTHER ORDERS** the parties meet prior to the Final Pretrial Conference for the purpose of expediting the instruction of the jury as to the law of the case. The Seventh Circuit Federal Jury Instructions – Civil ("7th Circuit Instructions") should be used when applicable; otherwise, the Illinois Pattern Jury Instructions ("IPI") should be used. If neither the 7th Circuit Instructions nor the IPI contain an instruction on a subject, the parties shall propose an instruction that is simple, brief, impartial, and free from judgment.

The Court will prepare and give the following 7th Circuit Instructions, which shall be referred to as Court's Instructions 1 through 9: 1.01, 1.06, 1.11, 1.12, 1.13, 1.17, 1.27, 1.32 and

1.34.  It will also give Instruction 10 that forbids the jury from conducting outside investigation or engaging in outside communication about the case.  The Court **ORDERS** that, on or before the morning of the Final Pretrial Conference, the parties shall submit additional proposed jury instructions in electronic format adaptable to WordPerfect 5.1 or greater on a flash drive, which will be returned, or via electronic mail to JPGpd@ilsd.uscourts.gov.  Submissions on a floppy disk will no longer be accepted.  Hard copies are no longer required.  All proposed instructions shall be double-spaced, prenumbered and identified as to their source.

**IT IS SO ORDERED.**
**DATED:  February 1, 2012**

                                                  s/ J. Phil Gilbert
                                                  **J. Phil Gilbert**
                                                  **United States District Judge**