UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DELIVERMED HOLDINGS, LLC, an Illinois Limited Liability Company, MARK SWIFT, LINDA DEETER, and WILLIAM R. DEETER ASSOCIATES, INC.<br><br>　　　　Plaintiffs,<br><br>v.<br><br>MICHAEL L. SCHALTENBRAND, MEDICATE PHARMACY, INC. and, JOEY D. SIDDLE<br><br>　　　　Defendants. | Civil Action<br>Case No.: 10-cv-684-JPG-DGW<br><br>Hon. J. Phil Gilbert<br>U.S. District Judge<br><br><br><br><br>Consolidated with |
| MARK A. SWIFT,<br><br>　　　　Plaintiff,<br><br>v.<br><br>MEDICATE PHARMACY, INC, MICHAEL L. SCHALTENBRAND, and  JOEY D. SIDDLE,<br><br>　　　　Defendants. | Civil Action<br>Case No.: 10-cv-685-JPG-DGW<br><br>Jury Trial Demand |

**PLAINTIFFS' MOTION IN LIMINE**

Now come the Plaintiffs, by counsel, and for their Motion in Limine, state as follows:

Plaintiffs move the Court to enter an order prohibiting Defendants from presenting any testimony, and making any argument or comments to the jury, regarding

the issues raised, and matters alleged, in the St. Clair County pleadings (Case No. 09-MR-296) pertaining to the issues involving and surrounding the Midwest Operating Engineers Health and Welfare Fund.

On November 10, 2009, Medicate Pharmacy, Inc. ("Medicate") brought suit in the Circuit Court of St. Clair County, Illinois against Mark Swift and DeliverMed Holdings, LLC ("DelieverMed"). (Case No. 09-MR-296). That case is still pending. A copy of the Complaint is attached hereto as Exhibit A. A copy of the Answer and Counterclaims of the Defendants is attached as Exhibit B. Medicate is represented in that matter by the same law firm that is representing it in this matter.

The central issue in the St. Clair County case is whether Mark Swift sold diabetic testing supplies to the members of the Midwest Operating Engineers Health and Welfare Fund ("MOE") and, in doing so, tortiously interfered with the business of Medicate Pharmacy. The Court previously recognized in its Memorandum and Order of May 27, 2011 that the St. Clair County case is the better forum for that tortious interference claim. [Doc. 103, pp. 17, 18]

In the Complaint in that case, Medicate Pharmacy, Inc. makes the following allegations:

Swift was an employee of Medicate. His primary responsibility was to sell and promote sales of diabetic testing supplies for Medicate. Swift became unhappy with his employment with medicate and terminated his employment in the summer of 2009. (Medicate also alleges, to the contrary, that he was terminated by Medicate on September 1, 2009). Swift set up a business called DeliverMed to compete with Medicate and steal its customers, one of which was the Midwest Operating Engineers Health and Welfare

Fund ("MOE").  After leaving the employee of Medicate, Swift began selling supplies to MOE members, causing Medicate to lose income.  Medicate alleges he planned and intended to take Medicate's contacts and confidential information with him when he left his employment in order to destroy Medicate's business. These allegations are hotly contested by Swift and DeliverMed.  (Ex. B attached) These issues will be resolved in the Circuit Court of St. Clair County when the case is ultimately heard there.

In the St. Clair County case, Medicate does not allege that Swift was terminated from his employment because he was selling supplies to MOE members. Rather, Medicate alleges that he left his employment because he was unhappy with his employment relationship with Medicate. (Par. 11).

Defendant has taken the deposition of two persons affiliated with MOE.  Thomas Bernstein is the Assistant Administrative Manager.  His deposition is attached as Exhibit C.  Kenneth Bodenhagen is the Pharmacy Manager for MOE.  His deposition is attached as Exhibit D.  The testimony in both of these depositions was concerned entirely with the issues raised in the St. Clair County Complaint regarding the MOE and its members. None of this testimony concerned issues raised in the matter before this Court.  The issues surrounding the MOE and its members are not mentioned in the Second Amended Complaint, the Defendant's Answer thereto, or in any of the affirmative defenses or counterclaims raised by the Defendants in this case.

In the Final Pre-trial Order, Defendants identified both Bernstein and Bodenhagen as potential witnesses for the defense.  Defendants apparently intend to present their testimony by either reading their depositions to the jury, or causing them to testify either live or by video.  While this evidence may be highly relevant to the St. Clair County

action, it is not relevant to this case and should be excluded under Federal Rules of Evidence 401.

Even if this evidence is considered relevant, it should still be excluded pursuant to Federal Rules of Evidence 403 because its probative value is substantially outweighed by the danger that it will confuse the issues, mislead the jury, and cause undue delay and waste of time. This case is already complex enough and may present a challenge for the jury in terms of understanding these complexities even without the introduction of the issues raised in the St. Clair County case.

If Defendants are permitted to inject the issues, and the facts surrounding them, that they have raised in their St. Clair County Complaint into this case, none of which are raised in the pleadings here, the difficulties in presenting this case to the jury in a comprehensible way will only be exacerbated. This case will become unnecessarily more confusing. Any discussion of these issues, or the facts surrounding them, will require a full examination and explanation of the matters involving the MOE, which will lengthen the trial and create confusion.

Wherefore, Plaintiffs move the Court to enter an order prohibiting Defendants from presenting any testimony, and making any argument or comments to the jury, regarding the issues raised, and matters alleged, in the St. Clair County Complaint regarding the Midwest Operating Engineers Health and Welfare Fund.

    SANDBERG PHOENIX & von GONTARD P.C.

By: /s/ A. Courtney Cox
    A. Courtney Cox  #6182590 (IL)
    2015 West Main Street, Suite 111
    Carbondale, IL 62901
    618-351-7200

618-351-7604 (Fax)
acox@sandbergphoenix.com
*Attorneys for Plaintiffs'*

James A. McGurk
Law Offices of James A, McGurk, P.C.
10 South LaSalle Street
Suite 3300
Chicago, IL 60603
(312) 236-8900
(312) 277-3497 – fax
jamcgurk@flash.net
*Attorneys for Plaintiffs'*

Russell K. Scott, Esq.
Greensfelder, Hemker & Gale, P.C.
12 Wolf Creek Drive
Suite 100
Belleville, IL 62226
(618) 257-7308
(618) 257-7353 – fax
rks@greensfelder.com
*Attorneys for Plaintiffs'*

## Certificate of Service

  I hereby certify that on **February 24, 2012**, the foregoing was served via operation of the Court's Electronic Case Filing system at the following e-mail addresses:

Kevin J. Stine, Esq.
Mark S. Schuver, Esq.
Laura Schrick, Esq.
Mathis, Marifian, & Richter
23 Public Square
Suite 300
Belleville, IL 62220
Phone: 618-234-9800
Fax: 618-234-9786
[kstine@mmrltd.com](mailto:kstine@mmrltd.com)
[lschrick@mmrltd.com](mailto:lschrick@mmrltd.com)
*Attorneys for Defendants Michael L. Schaltenbrand,*
*Medicate Pharmacy, Inc. and Joey D. Siddle*

                /s/ A. Courtney Cox