UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DELIVERMED HOLDINGS, LLC, WILLIAM R. DEETER ASSOCIATES, INC., and LINDA DEETER, <br><br>  Plaintiffs, <br><br>  v. <br><br> MICHAEL L. SCHALTENBRAND, JOEY D. SIDDLE and MEDICATE PHARMACY, INC., <br><br>  Defendants. | Case No. 10-cv-684-JPG-DGW <br><br><br><br> consolidated with |
| MARK A SWIFT, <br><br>  Plaintiff, <br><br>  v. <br><br> MICHAEL L. SCHALTENBRAND, JOEY D. SIDDLE and MEDICATE PHARMACY, INC., <br><br>  Defendants. | Case No 10-cv-685-JPG-DGW |

## MEMORANDUM AND ORDER

This matter comes before the Court on the plaintiffs' motion for leave to amend the complaint and final pretrial order to conform to the evidence presented at trial to reflect issues tried by the implied consent of the parties (Doc. 266). Specifically, the plaintiffs seek to (1) add a claim by plaintiff Mark Swift against defendant Michael L. Schaltenbrand for breach of fiduciary duty on the basis that such a cause of action was tried by the implied consent of the parties, (2) add a prayer for relief in Counts VI, X, XI and the proposed breach of fiduciary duty count seeking the sale of "the business," appointment of a receiver and an order directing the winding up of "the business," (3) amend the prayer for relief in Count I to request relief for plaintiff's DeliverMed Holdings, LLC ("DeliverMed") and William R. Deeter Associates, Inc.

("Deeter Associates"), (4) add a prayer for relief in Count I seeking cancellation of Schaltenbrand's copyright on the "house and pestle" logo, and (5) add Swift as a plaintiff in Counts II, III and IV.

The defendants object to the motion (Doc. 273). They argue that they did not impliedly try or consent to any of the proposed amendments and that to allow amendment now would prejudice them.

Federal Rule of Civil Procedure 15(b)(2) governs post-trial amendment of pleadings based on issues tried by consent of the parties. Rule 15(b)(2) provides,

> When an issue not raised by the pleadings is tried by the parties' express or implied consent, it must be treated in all respects as if raised in the pleadings. A party may move–at any time, even after judgment–to amend the pleadings to conform them to the evidence and to raise an unpleaded issue. But failure to amend does not affect the result of the trial of that issue.

In deciding whether a party consented to try an unpleaded issue such that the issue should be added to the pleadings, the Court must consider "whether the opposing party had a fair opportunity to defend and whether he could have presented additional evidence had he known sooner the substance of the amendment." *In re Rivinius, Inc.*, 977 F.2d 1171, 1175 (7th Cir.1992) (internal quotations and citations omitted), *quoted in Aldridge v. Forest River, Inc.*, 635 F.3d 870, 875 (7th Cir. 2011). The Court will not find a party consented to try an unpleaded claim simply because evidence supporting the unpleaded claim was introduced in connection with a properly pleaded claim. *Ippolito v. WNS, Inc.*, 864 F.2d 440, 456 (7th Cir. 1988). Rule 15(b)(2) embodies a liberal amendment policy to reflect the reality of trial proceedings but does not allow a party to raise an issue that was never specifically identified at trial. *Birdsell v. Board of Fire & Police Comm'rs of City of Litchfield*, 854 F.2d 204, 209 (7th Cir. 1988). Whether to allow amendment of a pleading is within the Court's discretion. *Aldridge*, 635 F.3d at 875.

Before turning to the specific amendment requests, the Court notes that this is the fourth time the plaintiffs have sought to amend their pleading. The Court has allowed three prior amendments, none of which has included the current proposed amendments. The plaintiffs have not offered any reason they failed to request the current proposed amendments sooner. Indeed, the current request appears to be an eleventh-hour effort to patch up incompletely thought-out prior pleadings which should have been repaired prior to trial. The Court further notes that the plaintiffs have shifted their alleged facts and theories since the outset of this litigation. As a consequence, the defendants have been forced to shoot at a moving target when preparing their defense. At some point, the plaintiffs' claims must become fixed, and that point is now.

## I.     Breach of Fiduciary Duty

Swift seeks to add a claim against Schaltenbrand for breach of fiduciary duty. He claims such a claim is very much like the claim currently pled as Count VI, a claim by Swift for fraud. The Final Pretrial Order describes Count VI as based on four instances of fraud:

> Swift claims that he was defrauded when [1] Schaltenbrand failed to disclose that he was under a court order in his divorce case not to alter his ownership interest in Medicate Pharmacy, Inc. . . . Swift claims that Schaltenbrand also committed fraud [2] by depleting the money in the business for his personal use, [3] for other business and [4] by causing monies from the business to be placed in undisclosed bank accounts.

Final Pretrial Order, Doc. 215 at 4-5 (Pls.' version of Count VI) (enumeration added). The defendants claim they had no notice of–and therefore could not have consented to try–a breach of fiduciary duty cause of action based on some of these and other alleged actions.

The defendants did not consent to try a breach of fiduciary claim at trial. There is no reason the defendants should have known a fiduciary duty claim was in issue at the time of the trial, much less one that contains matters not listed as issues in the Final Pretrial Order. Breach

of a fiduciary duty was not mentioned a single time in the three-week trial, and the evidence presented at trial that the plaintiffs now rely on to support a fiduciary duty theory was appropriately introduced as relevant to other properly pled causes of action. Nothing at trial suggested the defendants knew any fiduciary duty was in issue and had consented to try that issue.

Additionally, the defendants did not have a fair opportunity to defend against a fiduciary duty claim. For example, during the trial, Swift's position was that, during much of the time Schaltenbrand was committing the alleged breaches of fiduciary duty–until August 2007–his wife Ann Sickon, not Swift himself, was a partner with Schaltenbrand. Sickon is not a party to this litigation. Thus, the defendants did not have a fair opportunity to defend a substantial part of a breach of fiduciary duty claim by Swift because Swift's position was essentially that Schaltenbrand was not his partner and owed him no fiduciary duty prior to August 2007. He cannot switch horses midstream–or, as the case may be, after crossing the stream.

Finally, the Court believes that had Schaltenbrand known Swift was pursuing a breach of fiduciary duty claim, he might have sought additional discovery relating to the specific allegations of breach and would likely have altered his overall trial strategy in light of such an accusation. For example, he might have attempted to elicit an admission from Swift that he, and not Sickon, was Schaltenbrand's partner beginning in 2005. The defendants never had an opportunity to weigh that line of argument because they did not know Swift was claiming a breach of fiduciary duty.

In sum, no fiduciary duty claim was tried expressly or by implication, and amendment of the complaint and final pretrial order to reflect one would be improper.

4

**II.      Prayer for Relief:  Liquidation, Appointment of a Receiver and a Winding Up**

Swift seeks to add a prayer for relief in Counts VI, X, XI and the proposed breach of fiduciary duty count seeking the sale of "the business," appointment of a receiver and an order directing the winding up of "the business."  He represents that there are two purchasers willing to buy "the business" once they perform due diligence, and that "the business" needs to be preserved pending the sale.

The defendants argue that they had no notice of this request for relief, the propriety of which was not addressed at all in trial, and that such equitable relief is not appropriate where, if Swift is found to be Schaltenbrand's and Siddle's partner, there is an adequate remedy under Illinois partnership law regarding dissolution of partnerships, 805 ILCS 206/701(a).

The Court finds that the defendants did not have a fair opportunity to defend against this request for relief at trial.  If they had known this relief was requested, they surely would have presented additional evidence relevant to such relief (e.g., evidence of the current state of "the business" to which Swift refers, its viability into the future, its marketability).

In sum, the defendants did not consent to try the issue of the appropriateness of ordering "the business" to be liquidated, appointing a receiver and winding up "the business."  Amendment of the complaint to add such a prayer for relief is not appropriate.

**III.     Prayer for Relief:  Adding DeliverMed and Deeter Associates to Count I**

The plaintiffs ask the Court to add DeliverMed and Deeter Associates to the prayer for relief in Count I.  DeliverMed and Deeter Associates are parties to Count 1, but were not included in the prayer for relief.  The defendants argue that the amendment would be futile for the same reasons they believe Count I has no merit.  Additionally, they note that at trial Linda Deeter, an officer of Deeter Associates, disclaimed any claim for damages for herself and for

Deeter Associates.

At this point, the relevant question is not whether DeliverMed or Deeter Associates will ultimately prevail on Count I but whether the defendants had an opportunity to defend against Count I as brought by DeliverMed and Deeter Associates. It had such an opportunity at trial and, indeed, it did defend against DeliverMed's and Deeter Associates' claims for relief under Count I. The Court does not believe the defendants would have conducted any additional discovery or presented any different evidence had DeliverMed and Deeter Associates been included in the prayer for relief as to Count I.

Accordingly, the Court finds that defendants impliedly consented to trying Count I, including all the relief actually pled, as to all the Count I plaintiffs. Therefore, amendment of the prayer for relief to add DeliverMed and Deeter Associates should be allowed under Rule 15(b)(2).

## IV.     Prayer for Relief:  Cancellation of Schaltenbrand Copyright in Count I

The plaintiffs ask the Court to add to the prayer for relief in Count I a request to cancel Schaltenbrand's copyright in the "house and pestle" logo. They believe the request dovetails with their request that the Court declare Schaltenbrand's copyright invalid. The defendants argue that they did not consent to trying the cancellation issue and, indeed, objected to the plaintiffs' request for a declaration of invalidity on the grounds that there is no case or controversy where Schaltenbrand is not seeking to enforce his copyright.

The defendants consistently objected before and throughout the trial to the Court addressing any issue regarding the validity of the Schaltenbrand copyright. In such circumstances, it is hard to see how the Court can find that the defendants have consented to trying the issue of whether the copyright should be cancelled. Amendment under Rule 15(b)(2)

is not warranted.

## V.   Count I:  Swift as Plaintiff

Finally, Swift asks that he be added individually as a plaintiff in Counts II, III and IV, which are currently only pled by DeliverMed.  Swift believes he should be a plaintiff because he was an agent for DeliverMed and is already a party to this case.  The defendants argue that they relied on Swift not being a party to Counts II, III and IV when conducting discovery and preparing their defense and that, had they known he was a plaintiff, they would have conducted additional discovery and presented other evidence at trial.

In fact, Swift is not a party to the DeliverMed Action (Counts I-V), which was consolidated with the Swift Action (Counts VI-XII) for pretrial and trial proceedings.  Although consolidated, those cases remain separate cases. Consolidation under Rule 42(a) does not merge two actions into one case.  *Cella v. Togum Constructeur Ensembleier en Industrie Alimentaire*, 173 F.3d 909, 912 (3d Cir. 1999) (citing *Johnson v. Manhattan R. Co.*, 289 U.S. 479, 496-97 (1933)).  On the contrary, each consolidated case retains its separate identity.  *Cella*, 173 F.3d at 913.  Thus, Swift asks to be added to a case to which he has never been a party before.

The Court does not believe the defendants consented to try the DeliverMed Action with a non-party.  Had they known Swift was involved, the Court believes they would have conducted additional discovery and presented different evidence at trial.  For example, they would have sought and presented evidence of the relationship Swift, as an individual, had with the trade or service marks at issue in this case.  Instead, they focused on the relationship between DeliverMed, the pled plaintiff, and the relevant marks.  They had no reason, and thus no real opportunity to, defend against a claim by Swift individually.  For these reasons, the Court will not allow the requested amendment.

**VI.     Conclusion**

For the foregoing reasons, the Court:

- **GRANT in part** and **DENIES in part** the motion for leave to amend the complaint and final pretrial order (Doc. 266);

- **GRANTS** the plaintiffs' request to add DeliverMed and Deeter Associates to the prayer for relief in Count I;

- **DENIES** the motion in all other respects; and

- **ORDERS** the plaintiffs to submit to the Court, with copies to all parties, on or before July 16, 2012, a "Fourth Amended Consolidated Complaint"[1] that contains the approved amendments for the Court's review before filing.  The proposed "Fourth Amended Consolidated Complaint" shall comply with Local Rule 15.1 regarding underlining of new material and may not contain any changes other than those authorized by this order.

**IT IS SO ORDERED.**
**DATED:  July 10, 2012**

                                            s/ J. Phil Gilbert
                                            **J. PHIL GILBERT**
                                            **DISTRICT JUDGE**

---

[1] The first three rounds of complaints in this case have been conventionally labeled "Complaint for Preliminary Injunctive and Other Relief," (Doc. 1, No. 10-cv-684-JPG-DGW) and "Complaint" (Doc. 1, No. 10-cv-685-JPG-DGW) (prior to consolidation); "First Amended Consolidated Complaint" (Doc. 115); and "Second Amended Consolidated Complaint" (Doc. 145).  However, the fourth round was more creatively labeled "Amended Second Amended Consolidated Complaint" (Doc. 216).  Such creative labeling does not help keep the record straight; the fourth round of pleading was, in fact, the third amended complaint.  Thus, this fifth round of pleading by the plaintiffs ought to get back on track and be called what it is, the "Fourth Amended Consolidated Complaint."